UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
―――――――――――――――――――――――x
:
UNITED STATES OF AMERICA, :
:
    *Plaintiff,* :
:
    *v.* :
:
YUSEF R. SMITH, individually, and as :
  (1) Executor of the Estate of James :
  H. Smith, Deceased, and as (2) Trustee :   Case No. 1:18-cv-4888 (CBA)(RLM)
  of the James Harry Smith Separate :
  Property Trust; :
NEW YORK CITY DEPARTMENT OF :
SOCIAL SERVICES; :
NEW YORK CITY DEPARTMENT OF :
FINANCE; :
THE BANK OF NEW YORK MELLON :
CORP., As Trustee Of The NYCTL :
1998-A-2 Trust; :
372 PARKSIDE AVENUE, INC.; :
U.S. BANK NATIONAL ASSOCIATION, :
As Trustee Of The Velocity Commercial :
Capital Loan Trust 2017-2; and :
TWENTY-FOUR ADDITIONAL DEFEN- :
DEFENDANTS identified in paragraph 41 :
of this Complaint who share an interest in :
certain real property. :
:
    *Defendants.* :
―――――――――――――――――――――――x

## COMPLAINT AND SUPPLEMENTAL COMPLAINT

    The Plaintiff, United States of America, by its attorney, pursuant to Section 7401 of the Internal Revenue Code (26 U.S.C.), brings this civil action with the authorization of a delegate of the Secretary of the Treasury and at the direction of the Attorney General of the United States, to collect $691,523.91 in unpaid estate tax, interest and penalties as of August 21, 2018, assessed against the Estate of James H. Smith by (1) reducing to judgment the outstanding estate tax liability, (2) establishing the additional liability of Yusef R. Smith individually and as trustee of

1

the James Harry Smith Separate Property Trust for the unpaid estate tax liabilities, and (3) imposing a constructive trust on two parcels of real estate.  For its complaint and supplemental complaint,[1] the United States of America alleges as follows:

### ALLEGATIONS COMMON TO ALL COUNTS

### Jurisdiction and Parties

1. Jurisdiction over this action is conferred upon the district court pursuant to 26 U.S.C. §§ 7402, 7403, and 7404, and 28 U.S.C. §§ 1331, 1340, and 1345.

2. Plaintiff is the United States of America, which sues to collect estate taxes owed by the Estate of James H. Smith.

3. Defendant Yusef R. Smith is the son of decedent James H. Smith and is named as a defendant in multiple capacities.

4. Yusef R. Smith is sued in his individual capacity because he received, or had on the date of the decedent's death, property included in the gross estate under 26 U.S.C. § § 2034 to 2042, and is liable under 26 U.S.C § 6324(a)(2) for the unpaid estate taxes to the extent of the value of such property on the date of the decedent's death.

5. Yusef R. Smith is named Executor in James H. Smith's last will and testament and is sued in that capacity under 26 U.S.C. §  2203 for the unpaid taxes owed by the Estate to the United States.

6. Yusef R. Smith is also sued in his capacity as trustee of the James Harry Smith Separate Property Trust because the Trust received, or had on the date of the decedent's death,

---

[1] This pleading partly reflects events that occurred after the filing of the original complaint for which leave to file a supplemental complaint was sought under Fed.R.Civ.P. 15(d) and in respect to which parties were added pursuant to Fed.R.Civ.P. 25(c).  Blue color signifies events and claims added to supplement the original complaint.  ~~Strikeout text~~ is used to signify matters deleted when the complaint was supplemented.

property included in the gross estate under 26 U.S.C. §§ 2034 to 2042 and is liable under 26 U.S.C § 6324(a)(2) for the unpaid estate taxes to the extent of the value of such property on the date of the decedent's death.

7. Defendant New York City Department of Finance is named in this action pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the Farragut Property (defined below) as a result of unpaid environmental control board violations, and may also have a claim for unpaid property taxes that may be or may become a lien against the properties identified below. Pursuant to 26 U.S.C. § 6323(b)(6), all property taxes will be paid after the costs of sale.

8. Defendant New York City Department of Social Services was named in this action pursuant to 26 U.S.C. § 7403(b) because at the time the initial complaint was filed it could claim an interest in the Farragut Property, but that claim has been satisfied and it has been removed from the caption.

9. Defendant Bank of New York Mellon Corp., as Trustee of the NYCTL 1998-A-2 Trust, was named in this action pursuant to 26 U.S.C. § 7403(b) because at the time the initial complaint was filed it could claim an interest in the Farragut Property, but that claim has been satisfied and it has been removed from the caption.

10. Defendant 372 Parkside Avenue, Inc., c/o Yusef R. Smith, President, is named in this action pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the Parkside Property (defined below).

11. Defendant U.S. Bank National Association ("U.S. Bank"), as Trustee for Velocity Commercial Capital Loan Trust 2017-2, was named in this action pursuant to 26 U.S.C. § 7403(b) because it had a lien on the Parkside Property arising from a mortgage granted by 372 Parkside Avenue, Inc. to Velocity Commercial Capital LLC in 2017 that had been assigned to

U.S. Bank.  That mortgage was refinanced on August 24, 2018, by Velocity Commercial Capital LLC, and again assigned to U.S. Bank on June 18, 2019, as Trustee of the Velocity Commercial Capital Loan Trust 2018-2 (note change from the original caption title).

12. The first property that is the subject of this action is located at 372 Parkside Avenue, Brooklyn, New York 11226 (the Parkside Property), and is legally described as:

> ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough of Brooklyn, County of Kings, City and State of New York, bounded and described as follows:
>
> Beginning at a point on the southerly side of Parkside Avenue, distance 220 feet westerly from the southwesterly corner of Bedford Avenue and Parkside Avenue;  running thence southerly at right angles to Parkside Avenue, and part of the distance through a party wall, 101 feet 10 inches (one Hundred-one feet, ten inches);  thence westerly parallel with Clarkson Avenue 7 feet 3-5/8 inches; thence southerly at right angles to Parkside Avenue 20 feet; thence westerly parallel with Clarkson Avenue 12 feet 7 ¾ inches;  and thence northerly at right Angles to Parkside Avenue and part of the distance through a party wall, 121 feet 9 ½ inches to the southerly side of Parkside Avenue; and thence easterly along the southerly side of Parkside Avenue, 20 feet to the point or place of Beginning
>
> Said premises known as and by Street # 370-372 Parkside Avenue, Brooklyn, New York 11226 [Block 5055 Lot 42].

13. The second property that is the subject of this action is located at 4205-4207 Farragut Road, Brooklyn, New York 11203 (the "Farragut Property"), and is legally described as:

> All that certain plot, piece or parcel of land situate, lying and being in the Borough and County of Kings, City and State of New York, bounded and described as follows:
> BEGINNING at a point on the corner formed by the intersection of the intersection of the northerly side of Farragut Road and the easterly side of 42nd Street;
> RUNNING  THENCE northerly  along the easterly side of  42nd Street, 23 feet 6 inches;
> THENCE easterly and running parallel with Farragut Road and part of the distance through a party wall, 100 feet;
> THENCE southerly and parallel with East 42nd Street, 23 feet 6 inches to the

4

    northerly side of Farragut Road;
THENCE westerly along the northerly side of Farragut Road, 100 feet to the point or place of beginning.
SAID PREMISES being known as and by 4205 Farragut Road, Brooklyn, New York [Block 4989 Lot 78].

14. Venue is proper under 28 U.S.C. §§ 1391 and 1396, because the tax accrued in this district, the return was filed in this district and at least one defendant resides in this district, and because the two properties are located in this district.

### Establishment of Estate and Real Property Transfers

15. In 1981, James H. Smith (James or the decedent) acquired a fee simple interest in the Parkside property.

16. In 1993, James acquired a fee simple interest in the Farragut Property.

17. On May 26, 2004, James executed a will, appointing his son, Yusef R. Smith (Yusef or the executor) as executor and his sister, Yvette Jenkins, as successor executrix. Contemporaneously, he created the James Harry Smith Separate Property Trust (a revocable living trust) ["the JHS Trust"], in which Yusef was named as Successor Trustee upon James's death.

18. In his will, James directed that, after payment of all just debts, funeral expenses, and administrative expenses, his executor should pay all inheritance, estate, gift, death or other transfer taxes, including any penalties or interest relating thereto, out of the residue of his estate disposed of by the will. In his will, James further directed that the residue of his estate become a part of the JHS Trust, and be distributed according to the terms of the JHS Trust.

19. James, as Grantor and initial Trustee, delivered to the JHS Trust, without consideration, all of his interest in the two parcels of real estate described in paragraphs 12 and 13 above (the Parkside Property and the Farragut Property), along with a third parcel of real

estate located at 120 Riverdale Avenue, Brooklyn, New York (the "Riverdale Property"). As noted below, the deeds, although executed prior to James's death, were not recorded until after his death.

20. The JHS Trust directed that after James' death, Yusef as Successor Trustee, may pay funeral expenses, debts, and estate taxes out of the principal of the Trust Estate if no other party paid them. The JHS Trust then directed Yusef to distribute personal property as specified in a separate document and to distribute the balance of the trust by first giving $10,000 to Richard Hubbard and $50,000 for five years, and thereafter $100,000 per year, with no stated limitation as to the length of the distributions, to Yusef R. Smith, with any remainder to be divided as follows:

| | |
|---|---|
| Yusef R. Smith | 90% |
| Yvette Jenkins | 5% |
| Francis Hubbard | 5% |

21. James died on December 30, 2004.

22. On November 17, 2005, Yusef recorded quitclaim deeds that were executed by James prior to his death transferring the Parkside Property, the Farragut Property, and the Riverdale Property to the James Harry Smith Separate Property Trust. The three deeds reflect that James had signed them on May 26, 2004, the date he created the JHS Trust. Although these deeds transferred title of the three parcels to the JHS Trust, the parcels are listed as property of the decedent's estate in filings with the Surrogate's Court and are indicated as part of the gross estate for tax purposes on the Form 706 (United States Estate (and Generation-Skipping Transfer) Tax Return) (Form 706).

23. On January 24, 2006, the Surrogate's Court, Kings County, issued Letters Testamentary proving and approving James' will and granting administration of James' estate to

Yusef as executor.

24. In his Petition for probate and letters testamentary, Yusef listed estate assets including personal property valued at $40,000.00, the three parcels of real property valued at $1,900,000.00, and gross rents for a period of 18 months estimated at $234,000.00, estimating the value of the estate at between $1,000,000.00 and $2,500,000.00. Upon information and belief, Yusef has not yet submitted a final accounting of estate assets.

### Assessment of the Estate Tax Liability

25. On January 23, 2008 (more than three years after it was due), the Internal Revenue Service (IRS) received a Form 706 signed by Yusef, in his capacity as executor.

26. The Form 706 reported a gross estate in the amount of $2,592,774.00. The return reported a total estate tax liability of $431,722.00, but no payment was included.

27. On February 25, 2008, the IRS made an assessment of $431,722.00 in tax against the decedent's estate, based on the liability reported on the return. The IRS also assessed a $96,102.45 penalty for failure to timely file a return, a $62,599.69 penalty for late payment of the tax, and $106,441.48 in interest. Statutory penalties and interest continue to accrue and the IRS has assessed additional penalties and interest.

28. On or about February 25, 2008, the IRS mailed Yusef, as executor, a notice of assessment and demand for payment.

29. On or about October 9, 2008, the IRS mailed Yusef, as executor, a Final Notice, Notice of Intent to Levy, and Notice of Your Right to a Hearing, seeking payment of the estate tax liabilities.

30. On October 31, 2008, the IRS filed a Notice of Federal Tax Lien in Kings County, New York, against the estate.

31. On November 23, 2009, Yusef, as executor, sent the IRS an Offer in Compromise proposing to sell the Riverdale Property to satisfy the estate tax liabilities.

32. The IRS rejected the Offer in Compromise on May 26, 2010, as unacceptable.

33. The estate sold the Riverdale Property in or about September, 2010, and the IRS applied the $300,000.00 received from that sale to reduce ~~the interest and penalties associated with~~ the estate tax liability.

34. On February 6, 2013, Yusef, as executor, filed an amended Form 706, claiming that the estate assets had been overvalued on the initial return filed in 2008. The IRS examined the amended estate tax return, and initially rejected all modifications, but as a result of an administrative appeal, the IRS, on November 10, 2014, abated $4,600.00 of the assessed estate tax, for an adjusted tax liability of $427,122.00, excluding penalties and interest.

35. On April 4, 2017, the IRS filed a renewal of the Notice of Federal Tax Lien in Kings County, New York. The balance due stated on the Notice of Federal Tax Lien filed on April 4, 2017, was $436,276.43, which represents the assessed tax, assessed penalties and assessed interest, but does not include accrued penalties and interest of approximately $210,000.00 that were not posted on the IRS computer system on the date the IRS prepared the Notice of Federal Tax Lien.

### Distribution of Assets of James' Estate

36. On May 17, 2010, Yusef, in his capacity as Successor Trustee of the JHS Trust, transferred title to the Parkside Property to himself and Mary Louise Smith (his mother, who had been expressly disinherited) by quitclaim deed for no consideration.

37. On July 10, 2017, Yusef and Mary Louise Smith purportedly transferred title to the Parkside Property to 372 Parkside Avenue Inc. by Bargain and Sale Deed. Yusef executed

8

this deed on behalf of Mary Louise Smith pursuant to a power of attorney.

38. On July 10, 2017, Yusef, as president of 372 Parkside Avenue Inc., granted a mortgage to Velocity Commercial Capital, LLC.  On May 14, 2018, Velocity Commercial Capital, LLC, assigned that mortgage to U.S. Bank National Association, As Trustee for Velocity Commercial Capital Loan Trust 2017-2. That mortgage was refinanced on August 24, 2018, by Velocity Commercial Capital LLC, (and again assigned to U.S. National Bank N.A. on June 18, 2019, as Trustee of the Velocity Commercial Capital Loan Trust 2018-2, which Trust name differs from that named in the original caption title).

39. On April 24, 2019, Yusef, in his capacity as Successor Trustee of the JHS Trust, transferred title to the Farragut Property to 4205 Farragut Road LLC by quitclaim deed for no consideration.  Upon information and belief, Yusef Smith is the sole member of 4205 Farragut Road LLC.

40. On April 24, 2019, Yusef, as member of 4205 Farragut Road LLC, granted a mortgage to MW Lending LLC to secure a mortgage note.

41. On April 24, 2019, MW Lending LLC assigned its mortgage to a group of 24 individuals or entities, each of whom owns a percentage of the assigned mortgage, as follows:

> Barry Leistner (15.80%); David Funt (5.26%); Francesco D'Amico (0.54%); Frank Dewhirst (3.16%);  Hava Ramusevic  Irrevocable Trust, c/o Steven  Ramusevic,  Trustee (2.63%), Jeffrey Fox (5.26%); Joseph Pollack (5.26%);  Laurence Mascera (5.26%); Lawrence M. Wilens (2.30%); Manfred  M.  Endzweig  and  Oshria Endzweig, as Joint Tenants with Rights of Survivorship (5.26%); Maria Heidenreich (1.05%); Michael Cascio, Sr. (2.63%); Michael Goodman (2.63%); Michael Sussman (5.26%); Michael Weinreb (0.86%); Optimus Capital LLC (10.54%); Philip Grossman (2.63%); Pitnick  &  Margolin  LLP 401K  FBO  Alan  H. Weinreb  (2.63%); Robert S. Lewis (5.26%);

9

>Salvatore Mendolia (2.63%); Salvatore Vicari (5.26%); Samantha Schnepf (2.63%); Victoria C. Lumpkins (5.26%).

42. Yusef Smith deliberately sought to evade the effects of this lawsuit when he transferred the Farragut Property to 4205 Farragut Road LLC and caused 4205 Farragut Road LLC to issue the mortgage five months after he knew that the United States had filed this suit.

## COUNT I
### Judgment as to the Estate of James H. Smith

43. The United States incorporates by reference in this count paragraphs 1-42 above to the extent any of the facts alleged therein may be necessary to the relief sought in this count.

44. After the application of all payments and credits, and the addition of assessed and accrued penalties, interest, and costs, the decedent's estate remains indebted to the United States for estate tax liabilities in the amount of $691,523.91, plus statutory additions, including interest, from and after August 21, 2018.

45. The period of limitations on collection of the federal tax after assessment was tolled for a period of 185 days while the IRS was reviewing the Offer in Compromise, from November 23, 2009, through May 26, 2010, thus extending the statute of limitation for collection to August 28, 2018.  26 U.S.C. §§ 6502, 6503, 6331(k)(1).

46. In the alternative, the period of limitations on collection of the federal tax after assessment was tolled indefinitely under 26 U.S.C. § 6502(a) by the presentment of claim to the executor.  In the further alternative, the period of limitations was suspended under 26 U.S.C. § 6503(b) from the date of the decedent's death until the recordation of the deeds to the properties on November 7, 2005.

47. Despite the notice and demand for payment, Yusef has failed to pay the full amount of the tax liabilities described in paragraphs 27 and 44 above, and the United States is

entitled to a money judgment that Yusef R. Smith, as executor of the Estate of James H. Smith, is liable for the unpaid estate taxes in the amount of $691,523.91, plus statutory additions and interest accruing after August 21, 2018, and an order requiring Yusef R. Smith to provide an accounting of all estate assets.

## COUNT II
### Judgment as to the James Harry Smith Separate Property Trust

48. The United States incorporates by reference in this count paragraphs 1-47 above to the extent any of the facts alleged therein may be necessary to the relief sought in this count.

49. The JHS Trust received, or had on the date of the decedent's death, property included in the gross estate under 26 U.S.C § 2034 to 2042 in the amount of $2,265,000.00, as shown on the Form 706.

50. The value of such property at the time of the decedent's death exceeds the current unpaid balance of the estate taxes.

51. Under 26 U.S.C. § 6324(a)(2), the United States is entitled to a judgment that Yusef, in his capacity as trustee of the JHS Trust, is liable for the unpaid estate taxes in the amount of $691,523.91, plus statutory additions and interest accruing after August 21, 2018.

## COUNT III
### Judgment Against Yusef R. Smith

52. The United States incorporates by reference in this count paragraphs 1-51 above to the extent any of the facts alleged therein may be necessary to the relief sought in this count.

53. As the primary death beneficiary of the JHS Trust, Yusef received, or had on the date of the decedent's death, property included in the gross estate under 26 U.S.C § 2034 to 2042 in the amount of $1,776,731.00 as shown on the Form 706.

54. The value of such property at the time of the decedent's death exceeds the current

unpaid balance of the estate taxes.

55.     Under 26 U.S.C. § 6324(a)(2) the United States is entitled to a judgment that Yusef is personally liable for the unpaid estate taxes in the amount of $691,523.91, plus statutory additions and interest accruing after August 21, 2018.

56.     In the alternative, Yusef as trustee of the JHS Trust, allowed the assets of the Trust to be distributed to other persons or to be dissipated before paying an existing estate tax liability owed to the United States and is personally liable under 31 U.S.C § 3713(b).

57.     As a result of his fraudulent transfer of the Farragut Property after he knew that the United States had filed the Complaint in this action seeking to recover the unpaid estate taxes, Yusef Smith is liable for the payment of the plaintiff's attorneys' fees in this action.  N.Y. Debtor and Creditor Law Chapter 12, Article 10, §§ 273-a, 276-a.

## COUNT IV
## CONSTRUCTIVE TRUST

58.     The United States incorporates by reference in this count paragraphs 1-57 above to the extent any of the facts alleged therein may be necessary to the relief sought in this count.

59.     Yusef and 372 Parkside Avenue Inc. are liable at law or at equity to the United States for the total estate tax liability or the value of all of the assets received by them directly or indirectly traceable to the gross estate of James H. Smith for federal tax purposes, including but not limited to under the doctrine of unjust enrichment or as fraudulent transferees.  In regard to fraudulent transfer law, Yusef, as trustee, distributed the trust assets in the form of the Parkside Property to himself and his mother, Mary Louise Smith, for no consideration at a time when he knew that the estate taxes were not paid.  In addition, upon information and belief, the JHS Trust, which was liable for the estate tax under 26 U.S.C. § 6324(a)(2), was rendered insolvent by the transfer of the Parkside Property.

60. Yusef, acting on his own behalf and as agent for Mary Louise Smith, then transferred the Parkside Property to 372 Parkside Avenue Inc. and obtained a mortgage on the property, when he knew that the estate taxes were not paid.

61. ~~Although he has not transferred title to the Farragut Property, Yusef as Successor Trustee has failed to pay property taxes on that property and mortgaged the property to the New York City Department of Social Services, allowing liens to attach, when he knew that the estate taxes were not paid.~~ Yusef Smith and 4205 Farragut Road LLC are liable in law or at equity to the United States for the total estate tax liability or the value of all of the assets received by them directly or indirectly traceable to the gross estate of James H. Smith for federal tax purposes, including but not limited to under the doctrine of unjust enrichment or as fraudulent transferees. On April 24, 2019, Yusef, as trustee, distributed the trust assets in the form of the Farragut Property to 4205 Farragut Road LLC, for no consideration at a time when he knew that the estate taxes were not paid. In addition, upon information and belief, the JHS Trust, which was liable for the estate tax under 26 U.S.C. § 6324(a)(2), was rendered insolvent by the transfer of the Farragut Property.

62. Yusef, acting as Managing Member of 4205 Farragut Road LLC, then caused the Farragut Property to be mortgaged to MW Lending LLC, when he knew that the estate taxes were not paid.

63. As a result of Yusef's actions that wrongfully prevented the collection of the estate tax liabilities from the assets included in the gross estate that gave rise to those liabilities, a constructive trust arose for the benefit of the United States on both the Parkside Property and the Farragut Property to the extent there is any ~~remaining~~ equity in those parcels after satisfaction of liens that the United States agrees are senior – *i.e.,* U.S. Bank on the Parkside Property, New

13

York City Department Finance on the Farragut Property, and local real estate taxes.

64. The United States maintains that, pursuant to Fed.R.Civ.P. 25(c), the mortgage issued to MW Lending LLC and assigned to all of the individuals and entities to whom MW Lending LLC assigned its interests in the mortgage on the Farragut Property is inferior to the United States' rights as the beneficiary of the constructive trust.

**WHEREFORE, the plaintiff United States of America prays that this Court:**

A. Enter judgment for the United States of America against the defendant Yusef R. Smith, as Executor of the Estate of James H. Smith, in the amount of $691,523.91, plus statutory additions, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c), that continue to accrue after August 21, 2018, according to law for the unpaid estate tax liabilities of the Estate of James H. Smith and order Yusef R. Smith to provide an accounting of all assets of the Estate of James H. Smith;

B. Enter judgment for the United States of America against Yusef as the Successor Trustee of the James Harry Smith Separate Property Trust under 26 U.S.C. § 6324(a)(2) for the unpaid estate taxes in the amount of $691,523.91, plus statutory additions, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c), that continue to accrue after August 21, 2018, according to law, for the unpaid estate tax liabilities of the Estate of James H. Smith, and order Yusef R. Smith to provide an accounting of all assets of the JHS Trust;

C. Enter judgment for the United States of America against Yusef R. Smith in his individual capacity under 26 U.S.C. § 6324(a)(2) and/or 31 U.S.C. § 3713 for the unpaid estate taxes in the amount of $691,523.91, plus statutory additions, including interest pursuant to 26

U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c), that continue to accrue after August 21, 2018, according to law, for the unpaid estate tax liabilities of the Estate of James H. Smith;

D. Enter an order that the Parkside Property and the Farragut Property are held in constructive trust for the benefit of the United States to collect the unpaid estate tax liabilities of the Estate of James H. Smith and may be sold under orders of this Court, free and clear of the interests of all parties (including those listed in paragraph 41 above), to collect the tax to the extent of any value in excess of ~~encumbrances~~ local real property taxes and the mortgage of U.S. Bank, and the lien of New York City Department of Finance; and

E. Award the United States its attorneys' fees, costs and such further relief as is just and proper.

                                                Respectfully submitted,

                                                RICHARD E. ZUCKERMAN
                                                Principal Deputy Assistant Attorney General

                                                */s/ Thelma A. Lizama*
                                                THELMA A. LIZAMA
                                                Trial Attorney
                                                Tax Division, Department of Justice
                                                P.O. Box 55
                                                Washington, D.C. 20044
                                                (202) 616-3339
                                                (202) 514-5238 (fax)
                                                Thelma.A.Lizama@usdoj.gov

Of Counsel:

RICHARD P. DONOGHUE
United States Attorney